In the matter of the estate of JANE SATTERTHWAITE, deceased.

[Filed March 12th, 1900.]

*Gen. Stat. p. 2381 § 114 (P. L. of 1898 p. 764 § 135)* provides that when a testamentary trustee shall neglect or refuse to act, or shall die before completely executing his trust, the orphans court may appoint a trustee to carry out the trust.—*Held*, that where a will appointed a corporation of another state as trustee, the orphans court was without power to appoint a new trustee, unless such corporation refused or neglected to act.

---

On appeal from an order made by the Burlington county orphans court.

*Mr. Norman Grey*, proctor for the appellant.

*Mr. Charles K. Chambers*, proctor for the respondent.

THE VICE-ORDINARY.

Jane D. Satterthwaite, a resident of Burlington county, in this state, died leaving a will in which she appointed Mary S. Pancoast and John J. Satterthwaite her executors. By a codicil to her will she provided as follows:

"All the rest, residue and remainder, of my estate in the said fourth item of my will mentioned, I give, devise, and bequeath unto The Guaranty, Trust & Safe Deposit Company, in trust, to invest and keep the same invested, collect the interest and income therefrom, and after deducting expenses of the trust, to pay over the net income therefrom to my three brothers, to be equally divided among them," &c.

The executors filed their final account in the orphans court of Burlington county, showing a residuary fund of $15,311.48. The executors then filed a petition for the appointment of a new trustee, in the place of the Guaranty, Trust and Safe Deposit Company, on the ground that the latter, being a corporation of the State of Pennsylvania, was unfitted to act as a trustee to whom they could safely pay the residuary fund. Upon the ground set out in the petition the orphans court made an order appointing John J. Satterthwaite as trustee in the place of the Guaranty, Trust and Safe Deposit Company.

The question elaborately discussed at the argument was whether the testamentary appointment as trustee of a foreign corporation, who is equipped to act as trustee in the state of its domicile, will be recognized by the courts of this state as the proper recipient of trust funds in the hands of citizens or trustees of this state.

But before passing upon this question, a prefatory query is encountered, namely, whether the orphans court, and therefore, whether this court upon appeal, can decide the question raised.

The judicial conduct complained of by the appellant, the Guaranty, Trust and Safe Deposit Company, is that the orphans court stripped it of a right to act as trustee, by vacating the testamentary appointment and appointing a new trustee in its stead.

The general power to appoint trustees, when there is a trust to be executed, and there is none or there is an incompetent or

renouncing trustee, resides in a court of equity. The power has been conferred on the orphans court in certain instances prescribed by the Orphans Court act, and the power is limited by the statutory language of that act. The general provision for the appointment of trustees is to be found in *Gen. Stat. p. 2381 § 114,* and revised act of 1898. *P. L. of 1898 p. 764 § 135.*

The language of the section is this:

"That when any trustee heretofore or hereafter appointed by last will shall neglect or refust to act or shall die before the execution or completion of the trust committed to him, the orphans court of the county where such testator resided at the time of his death shall have power to appoint some suitable person or persons to execute such trust."

The trustee named in this will has neither neglected nor refused to act. Assuming, therefore, that public policy will not permit the funds in this state to go into the hands of a foreign corporation which has not equipped itself with the right to do business in this state, nevertheless, while it may be incapable of acting as trustee here, it cannot be said to refuse or neglect to act.

The orphans court had no jurisdiction to inquire whether the testamentary trustee was incapable of acting in this state, or whether it would be permitted to execute its trust outside the jurisdiction of the courts of this state, but only to inquire whether the trustee had refused or neglected to act as such. It was upon the existence of the latter condition of affairs, as a condition precedent, that it was empowered to appoint a new trustee.

No other sections of the Orphans Court act touches the matter now in question. The one hundred and twenty-eighth section applies to non-resident executors, or executors who may have removed from the state, and who neglect or refuse to execute any trust committed to them; and section 126 to such trustees as failed to give security after having been so ordered.

I do not think I can, in this appeal, pass upon the request of the respondent, which is, that the executors may be ordered to pay over the residuary fund to the Guaranty, Trust and Safe Deposit Company. The order appointing the new trustee will be reversed.